IN THE UNITED STATES DISTRICT OF
GREENVILLE COUNTY DIVISION
SOUTH CAROLINA

| | | |
|---|---|---|
| (178039) Robert Graham Jr. | ) | CIA 6-14-3518 MC |
| Plaintiff | ) | KFM |
| v. William H. Seals Jr / Jushua L. Thomas | ) ) ) | Notice and Motion to Amend Pursuant To SCRCP FRCP 15 (C) |
| Respondent: Allen Wilson Atty Gen. STATE OF South carolina insurance fund | ) ) | Supervision Liabilties. 7th Cause of action The state of south cardina policy for defendants |

ORIGINAL 1 of 4

Comes now plaintiff in the above entitled matter, motioning this court, to am end defendant Allen Wilson to complaint, acting under color of state, of all times, failing to hire, fire and properly supervise employees, defenendant, under his jurisdiction custody, authority, principle, usage custom, as being in the territory jurisdiction of Columbia, and Greenville, South Carolina at all times defendant Wilson is liable to plaintiff, for allowing all defendant's to sabatoug his appeal, process, defendant Wilson has willfully, knowingly, deliberately under color of state, territory, jurisdiction, principle, custom usage, and acting as and employee of the State of South Carolina appointed, attorneys, who has deprived plaintiff of his right to have all issues raised a judicated, exhausted in his original PCR and supplemental complaint, while allowing all defendants to raise successive application when it was All the fault of defendants, that the hurdles and defaults exsist, by not adequantly timely raising all plaintiff issues in his original PCR, see odom, Austine and Wilson, plaintiff also cites Martinez v. Ryan US defendants acting in violtion of State Law, they then violete federal rules, when they create hurdles to prevent plaintiff from having access to courts meaning fully, defendant Wilson, has allowed all defendants to act contrary to state and ferdal guaranteed rights to a full bite at the apple, belated appeal, under custom, principles, usage and territory jurisdiction of Columbia, Greenville statute, ordinances, regulations, of plaintiff's rights to complete access to lower court, under Austine review, negligently, discrimately, with cupable states of mind as all defendants, to include defendant Wilson, knows, and as trained attorneys, to know, that "Althrough successive applications are disfavored they are not [prohibited]" Williams v. Ozmint, 380, S.C. 473, 477, 671 S.E 2d, 600, Goa (2008) (emphusis added). The Supreme Court "has continously allowed [successive] applications where applicants / plaintiff has been denied [complete] access to the appellate court Odom v. State. 337 S.C. 256, 261, 523 Se2d, 753, 756 (1999) (citing Austine v. State, 305 Sc 453, 409 Se2d 395 (1991).

The following issues were Never raised, preserved, or rule done by complete exhaustion, in first PCR, or applellate review, be cause of all defendant's under color of state acting in whole, or in part failed to sercure them, and plaintiff did not knowingly, willfully waive them.

(1) Pursuant to 17-25-45 (H) S.C code Ann, plaintiff under Johnson, never got served in writting ten (10) days prior to trail, which was [Mandatory] under Nov. 7,1997, trail, not, James.

(2) HE never had two or more distinct (intervening) priors, for enhanctment of his second degree, burglary pursuant to McFalls v. United States (2010).

( 1 )

2 of 4

(3) No Grand Jury intervened upon their oath June 5, 1997 as marked exhibit #3. Indictment plaintiff will present expert testimony at trail about the miscovriage of Justice that all deffendant under color of state, contrary to official dutys has conspired, under territory jurisdiction, statute, ordinance as state employees, to keep him from a belated appeal on these issues. Which is highly prejudicial, bias, contrary to fullfilling any duty, with malice, ill-will calculates to deprive him exhaustion, or remedys to correct hurdles each defendant knowingly, or should have known deliberately against the law committed amounting to fraud upon the court, mal-practice as lawyers, misrepresentations, of clearly statutory law, with procttulings that has barred plaintiff from a complete bite at the apple. It is shocking to the universial sense of justice. Appauling to the publics in tresf.

(4) The Grand Jury never saw the indictment, that alledged the errontous, priors jury didn't know plaintiff would be sentenced to life w/out parole upon conviction, Blakley v. Washington United State Supreme Court. Which is a fundamental miscarriage of justice, shocking to the conscience of the publics intrest, where equal protection of the law was sadistically, with malice, and disregard for the law deliberately, by defendants now depriving plantiff of his secured constitutional right to exhausts state remedy, they triggered 42. U.S.C 19 83 to exhaustions redress, and court intervention.
  Detendants owed a duty to plaintiff obligation, ethics be minister for him, as well, Imbler v. Pactman (1976) cite as 96 S.C. Each defendant to include Wilson, or liable for supervisor liability, by consenting together to keep these claims, from being properly presErved for appellante, review, each deffendant, as trained lawyers know that a summarily dismissal by mail, on appeal is calculated deliberatly, in differtatly, against State and Federal statutes ordinance to cause the appellate court not to brief the issues he is attempting to be heard on in the lower court. The tactic is unetical its without integrity against the deceny and ethics, in which they tell the public they are bound by, against plaintiff's sercured rights to meaning exhaustinys prejudiciang.
  IT IS SO MOTIONED.

(S) [signature]
Sept 24 2014

( 2 )

7th cause of action
42 U.S.C 1983

ORIGAL
3 OF 4

Each defendant is liable to plaintiff, acting under color of state, principle, usage and subjected him to di privations of his protected immunitie's, liberties and privileges, secured by the constitution and laws, statutes of the UNited States of America, by holding statutes of limitations, and successive ductrines interputations, contrary to preexisting laws, that clearly promit plaintiff to have a second PCR, when the records reflects, that the first one, was not a duddicated on, all claims, preserved and raised on appellate level. Plaintiff is protected from personal interputations of what sucessive is..

Taylor v. Gibson, 529 F.2d 709 (5th Cir 1976).
And immuned, from sucessive hurdles, where defendant's are the one's who created them contrary to due-process of law, under the 14th Amendment, each defendant, acting contrary to their official duties, working, or acting as state employee's, have gravely set up a scheme, within the jurisdiction of Columbia, state or territory denied plaintiff a full bite at the apple, confrary to established laws, prejudicially, against fullfilling [any] official duties, acting as supervisions, employees, agents, attorneys and regulation of state practitoners, prejudicially against their official oaths of offices, principles, usages, customes, plaintiff being in the juristiction there of at all times.

The State of South Carolina, and all defendants, know or should know. That Hybrid, representation during his original, PCR, and appeal, prohibited him from raising the claims before this court himself.

State v. Stuckey, 333 S.C 5b, 508 SE2d 564 (1998) emphasis, yet they as state officials, while plaintiff being in the jurisdiction, authority, and customs, they refuse him the redress for the unjust hurdle, created in Odom, Austine, and Wilson, with, contempt of court, mal-practice, fraud upon the court. Confrary to an official duties prejudicially, subjected plaintiff to unlawful denial of a Full-bite at the apple. Plaintiff restates all claims, causes of action verbatum with each defendant, directly and indirectly.

Each defendant has willfully, dellberately, work together, under color of state, territory, jurisdiction, and custom, to deprive, denie, and violate plaintiff, due-process of law rights, against discrimination, contrary to full fulling any official duties with malice, against the constitution of the State, and the United States a belated appeal, full exhaustion of all his issues, claims, assertions, on the merits, against the 14th Amendment, while granting it to others, "due-process clause" and there equal protection clause. Not in anyway, full filling official duties, against his liberty intrests" dening him the ganrantees rights, to equal pertection of law.

See, Townsend v. Sain (1963)

Robert Gahl

Sept 24 2014

See, Form 5
Filed 2013-cp-21-1195
in lower-court for austine, review.

Exhibit # 12

(3)

ORIGINAL

8th Cause of Action
42 U.S. c 1983
14 Amendment

4 OF 4

This cause of action filed also under the 1963, standard, we set forth the appropreiate standard standard to be applied by a "Federal court, even when the facts are in dispute," pertinent to <u>Townsend v. Sain</u>, 83 s.ct. 745 (1963) where plaintiff according to the record exhibits, and causes of actions, was not afforded a [full and fair] hearing by State Court, all defendants acting contrary to official duties, the District Court should, rather it accured at trail, or PCI, District Court should, or collateral proceeding," we held that Federal Court "must hold an evidentiary hearing to determine, resolve any facts that are in dispute."
<u>Collen v. Pinholster</u>, (3) s.ct. 1388 (2011).

We futher "explained the controlling, criteria" by enerating six circumstunces in which a hearing should would be required.

(1) Merit of factual disputes not resolved.
(2) The State factual determination is not fairly supported by the record as awhole or; (3) the procedure employee by State Court was not abequate to afford a full and fair hearing. (4) There is a substantial all egation of newly discovered evidence; (5) Materials not factually or adequantly developed at State Court hearing; or (6) for any reason it appears that the State trier of fact did not afford plaintiff a full and fair hearing." Each defendant deprived plaintiff, under color of state, terrifary, principle, usage, jurisdiction of his 14th Amendment Right, contrary to full-filling any official duty, grossly negligent, prejudicially, a full exspanion of the record, a judication, exhaustion on the merit of all the now raised claims, contrary, to SCRCP / FRCP 71.1 (rule). Note <u>Jefferson v. Upton</u>, 130 s.c.t. (2010) emphasis, plaintiff

Motions for exspanion of record, evadentiary hearing, or a writ of PCR, proceeding before this Court, or Lower Court, without Prejudice.
It is so motioned. Plaintiff cannot waive what he doesn't know."

United States v. Tamtum (7)
943 F.2d. (4th cir 1991)

(s) [signature]
Sept 24, 2014

Swartz, 975 F.d at
1049-50 (4th cir 1992) (8)

Hoffman v. 903 F.2d (9)
at 289 4th cir (1990)

(4)

IN THE UNITED STATES DISTRICT COURT
GREENVILE DIVISION SOUTH CAROLINA

ORIGINAL

| | |
|---|---|
| Robert Graham Jr. #178039 ) | 6:14-3518-TMC-KFM |
| ) | |
| Plaintiff ) | AFFIDAUIT OF SERVICE BY MAIL |
| ) | Under penalty of perjury |
| V. ) | Executed Date Below. |
| ) | |
| Allen Wilson ) | Cuvses of acfions |
| William H. Seals Jr. ) | |
| Joshua L. Thomas ) | 1 - 8 |
| State Tort Libility Fund ) | Motion for recon expantion |
| E.T.AL ) | and evidentiary hearing |
| Defendant's ) | |

(1) I am, an inmate at Perry Corr. Inst., verifiny over the age of 18, that on Sept. 24, 2014. Through regular department mail, plaintiff served copies, of two declarations 4-USM-285 forms, motion to amend, appointment of counsel. Exhibit's, (1-7) forma pauperis, certificate of finicial status sheet. Into U.S. Mail, by hands, of Perry C.I Mailroom Staff. Proper-postage prepaid, and affixed. Three declarations."

To: Clerk of Court
300 East Washington St.
Room 239
Greenville, SC 29601

(178039)

(S) Robert Graham Jr.    Sept 24, 2014.
Plaintiff

(S) [signature]
Witness over 18 Sep 24, 14

RECEIVED
SEP 24 2014
P.C.I. MAILROOM