THE HONORABLE CONNIE R. SHEARIAN
12th JUDICIAL CIRCUIT COURT CLERK
180 N. Irby St. MSC - E Rm. 311
Florence SC 29501
(178039)   Sept. 25 2013

1 OF 1

FILED
2013 SEP 30 PM 2:13
CONNIE REEL-SHEARIN
CCCP & GS
FLORENCE COUNTY, SC

Re: Robert Graham, Jr.

V.

State of South Carolina
2013-CP-21-1195

See **Affidavit**
Objection to conditional order
and order of dismissal

EX 2

Dear clerk Sherain:
Herewith you will find applicant's two (2) copies, one (1) original for filing, and one (1) for my clock stamped return. Pursuant to clerical undertakings, and duly advise, the Honorable Micheal Nettles that he signed the final order of dismissal with connection to this case by applicant's records Oct. 6, 2006 and was "factually one of the Judges applicant's wife Mary Graham was bringing public interest against for the mockery, and criminal" ethics violation, with integrity of this case. Unless he has changed his position, respectfully, he should recuse, himself: key 49 (1) 42, 513

s/ Robert Graham, Jr.
430 Oaklawn Rd.
(IA Job)
(P.C.I) Pelzer
SC, 29669

RECEIVED
SEP 2 6 2013
P.C.I. MAILROOM

CERTIFIED: A TRUE COPY
Connie Reel Shearin
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

Applicant objects to the entirety of the states assertions pursuant to S.C. Code Ann § 17-27-70 (b)

(1) Applicant's legal and factual basis why court should'nt dismiss or deny applicant's Motion for hearing on all the arguments and issues raised in PCR application, and grant hearing is simply, Stickland v. Washington (prejudice)

(1) Applicant during his June 5, 2002 PCR hearing, before the Honorable James E. Bragdon Jr. was denied his 14th Amendment rights to seek appellate review due to states procedural process violation of his state/federal statutory rights, 17-27-90

(2) State attorney Amy Wise, failed to adequantly raise the issues now raised but not limited to the record in violation of SC Code Ann 17-27-90, applicant will disclose numerous reasons why hearing and relief should be granted. See Supreme Court Rule (50) (9) Pursuant to Austin v. State one year statute will not apply.

(3) Austin v. State, as proffered by our esteemed chief Justice Toal is for applicant's like Graham, where state appointed attorney's caused procedual arguments the state is raising in its return and motion to dismiss, which prejudiced applicant's one bite, under Pruitt,

(4) Because trial attorney Todd Tucker failed to raise and preserve the now raised issues, he created the procedural hurdle. See, Supreme Court Rule (50) (9).

(5) Successive application 17-27-90 requires that issues, arguments asserted not adequately raised in the orginal, supplemental or amended application, the claims now raised were (never) mentioned or even brought up in applicant's orginal application, further reason for hearing, and why conditional order of dismissal should not become final, is hybrid representation prohobited applicant from arguing these claims himself. State v. Stuckey, See, 34 exgibit, the following issues were never [asserted] or adequately raised in the orginal, supplemental or amended application. (1) S.C. Code Ann 17-25-45 (H) both counsel and defendant under Johnson v. State 334 SC 67 552 S.E.2d 39 (2001) were to be served ~~ten (10)~~ days prior

In-writting 17-25-45-H,
S.C Code Ann, Mandtory.

[In - writting]   1 OF 3

to trial, in order for the solicitor to seek life without parole counsel was served not Graham, See #24 exhibit, Graham fell under Johnson ruling, not cases ruled upon after Johnson.

(2) Illegal three strike applicant for enhancement of sentence purposes never had [two or more] distinct, intervening," arrests as required by United States v. McFalls 592 F.3d 707 (6th Cir. 2010). see attached, because of inadequat trial, PCR, and appellant atorney's none of these issues were raised in the orginal, supplenental, or amended complaint, see June 3, 2002 pcr application in support. By order. SEE N.C.I, Sheet

(3) The jury did not know about the prior's the state used to illegally enhance applicant's sentence to life without parole for aggravating circumstances, they didn't try the facts of the existence or non-exsistence of priors, in violation of Federal statutory law, Blakely v. Washington.

(4) Under this Statute S.C. Code Ann 17-27-90 for which the state used in its theory of successive application, further,

(5) Applicant under Austin v. State 17-27-80, 17-27-90, 17-27-100 for further benefit of Austin applicant never got his one bite at the apple during any of the judicial process established by the state to protect applicant's rights to have all his issues properly raised, adjudicated, and ruled upon, thus applicant as further grounds of genuine issues of material facts is attacking the states procedural process by appointing lawyers from trial, pcr, and on appellant level who failed to protect applicant's 14th State and Federal Statutory Constitutional rights. For all issues to be adequately raised (preserved for appellate court).

(6) S.C. Code Ann 17-27-100 protects applicant's rights for appeal counsel to adequately raise all issues, primarily, because they were not properly raised and preserved for the record by inadequate counsel, it factually did tie the hands of appellate defense from raising them" these being more factual and ligal: genuine, issues of material facts as to why applicant's hearing should issue, to include all pending motions.

Finally, applicant asserts one more facual, and legal ground,

of genuine issue and material fact, as to why hearing as motioned order of transportation, and appointment of counsel, as motioned before this court should issue: (benchmark ruling) In <u>McCoy v. State</u> (opinion no. 27214, Feb. 6, 2013) the S.C. Supreme Court reversed and remanded for hearing the dismissal of petitioner's PCR application. The Supreme Court held that summary dismissal of the petitioner's (second PCR application [was error] because genuine issues of material facts existed as to whether his claim was successive or barred by the statute of limitations. They ruled when [considering] the states motion for [summary] dismissal, where no evidentiary hearing has been held the PCR Judge must assume facts presented by applicant are true and view those facts in the light most favorable to the applicant. Leamon v. State 363 S.C. 432, 434, 611 S.E.2d 494, 495 (2005) (Citing S.C. Code Ann § 17-27-80). Where applicant [alleges] facts that would establish an exception to either the statute of limitations, 17-27-80, 17-27-90, 17-27-100, or the prohibition against successive pcr applications and those facts are not [conclusively] refuted by the record before the pcr Court, a question is raised which can [only] be resolved by a hearing. (FRCP and SCRCP) pursuant to Rule (82)(81) (c) applicant reserves the right to appeal to 4th Circuit because respondents did not object to notice, " of removal, and would also move for an evidentiary hearing on the sealing of the record, respondents also did not object to this motion.

STATE OF SOUTH CAROLINA )
COUNTY OF FLORENCE ) 12th JUDICIAL CIRCUIT
) COURT OF COMMON PLEAS
Robert Graham, Jr. #178039 ) 2013-CP-21-1195
)
V. ) AFFIDAVIT OF SERVICE BY MAIL
)
State of South Carolina, )
      Respondent. )
                                NOTARY

1 OF 5

(1) I am the notary public for perry correctional institution, 430 Oaklawn Rd. Pelzer, SC 29669.

(2) Regular mail exists by through communication perry C.I. and that this is a proper service by mail.

(3) I have notarized on this **24th** day of sept. 2013, Robert Graham Jrs. objection to conditional order and motion to dismiss in the above captioned matter by depositing same in the U.S. mail, postage prepaid, removal, seal record.

This **24th** day of September 2013
Nancy C Merchant
Notary public
My commission expires:
1-23-2023

s/ Robert Graham
P.C.I. Pelzer, SC 29669

1 OF 6

| STATE OF SOUTH CAROLINA | ) | 12TH JUDICIAL CIRCUIT |
|---|---|---|
| COUNTY OF FLORENCE | ) | COURT OF COMMON PLEAS |
|  | ) |  |
| Robert Graham Jr.#178039, | ) | 2013-CP-21-1195 |
| Applicant, | ) |  |
|  | ) |  |
| v. | ) | SUMMONS - COMPLAINT |
|  | ) |  |
| State of South Carolina, | ) | 17-27-80, 17-27-90, 17-27-100 |
| Respondent. | ) | RULE 81 |
|  | ) | Seal records notice of removal |

You are summoned as required by this complaint, a copy of which is herewith served upon you, and to serve a copy of your answer to complaint on Robert Graham Jr. #178039. Perry Corr. Inst. 430 Oaklawn Rd. Pelzer, SC 29669 within 21 days after service hereof, exclusive of the day of service, if you fail to answer the complain hereof, judgement for all relief in complaint will issue.

Sept. 24 2013

s/ Robert Grhm
Perry Corr. Inst.
430 Oaklawn Rd.
Pelzer, SC 29669

RECEIVED SEP 26 2013 P.C.I. MAILROOM

To:
office of the Attorney General
Attn: Joshua L. Thomas, Esquire
post office Box 11549
columbia, south carolina 29211
submitted sept— 2013

1 oF 7

(2013-CP-21-1195)
Clerk Connie R. Bell Shearin
12th Judicial Circuit Circuit Court
of Common Pleas

| | | |
|---|---|---|
| Robert Graham Jr.#178039 | ) | SWORN AFFIDAVIT |
| Applicant, | ) | |
| v. | ) | |
| | ) | |
| State of South Carolina, | ) | Sept. 25 2013 |
| Respondent. | ) | |
| | ) | |

Personally appeared before me duly sworn saifth:
(1) I Robert Graham Jr. #178039 Perry C.I. Qi-A-206 430 Oaklawn Rd. Pelzer, SC 29669 am the applicant in this (PCR).

(2) Because June 3, 2002, PCR Judge trial attorney, and appellate attorney failed to protect applicant's rights to fair trial, PCR, and appeals he is able under S.C. Code Ann 17-27-80, 17-27-90, and 17-27-100 to ask for a full bite at the apple pursuant to Austin v. State.

Sworn to before me
this 24th day of September 2013
Nancy C. Minbart
Notary Public
Expires 1-23-2023

/s/ Robert Graham
430 Oaklawn Rd.
Q1A 206
(P.C.I)
Pelzer SC
29669