C/A 2013-CP-21-95    1 OF 10
Dec

EX 3

THE Honorable Connie R. Sherain
12th Judicial Circuit Court Clerk
(180 N. Irby St MSC-E    Dec 20, 2013
(Rm B11)
Florence SC 29501)

(Robert Graham 178039 V. State of SC)

RE: The Hon William H. Seals, Jr
Presiding Judge, 12th Judicial
Circuit
PO Box 143        (Certificate of
Marion SC 29571)   Service front and
                   back on pg
                   10 OF 10

Dear Clerk Sherain:
Enclosed you will find two (2) copys of applicant's notice and motion before this court for a Rule 59(e) altering or amending with regards to Judge Seals final order of dismissal. Please file the original, and of course return my copy to me, please note that I have served Hon Seal a copy of the address provided above by attorney Joshua L. Thomas.

cc: Hon William H. Seals Jr
ass/Atty Joshua L. Thomas
        /S/ Robert Graham Jr (178039)

R.V. Jr #1

The Honorable
William H. Seals, Jr
Presiding Judge Twelfth
Judicial Circuit
P.O Box 143
Marion, SC 29571

2 of 10

RE: Robert Graham, Jr (#178039)
V. State of South Carolina
2013-CP-21-1195

SCRCP Rule 59(e)
see (SCACR 201).

Dear Hon Seals:

Enclosed please find applicant's Notice and Motion for the issues, and assertions, arguements and facts to be ruled upon, by findings of... facts, and conclusions of law, with regards to each ground, to include the amendment pursuant to Padgett v. State 324 s.c. 22, 484 S.E 2d 101 (1997), emphasis added pursuant to Pruitt v. State, 310 s.c. 254 423, SE 2d 127 (1992).

I Graham (178039)
Robert Graham Jr
Robert Graham Jr
Pro-se litigant

CC: Connie R.B. Skerain
12th Judicial Clerk
for Filing

Joshua L. Thomas esquire
(Atty General)

The Honorable
William H. Seals, Jr    3 of 10
Presiding Judge, Twelft
Judicial circuit
P.O. Box 143
Marion, SC 29571

(Case No. 2013-CP-21-1195)

Robert Graham, Jr (178039)
                    applicant,
V. State of South Carolina
                    Respondent

---

A. Right to appeal                Notice and motion
                                  for Rule 59(e)
                                  after final order.

An issue not ruled on by the PCR Judge in the entirety on this PCR application, or the reconized amendment under Austine v. State pursuant to Austine v. State 305 S.C. 453, 409 SE2d 395 (1991) [extended] in Wilson v. State 348 SC 215, 559 SE2d 581 (2002) supreme court, will not be properly preserved for the record on appeal, and would be prudicial to applicant. [emphasis]

The Honorable
William H. Seals, Jr
Presiding Judge Twelfth
Judicial Circuit
P.O. Box 142
Marion S.C. 29571

4 of 10

(Case No. 2013-CP-21-1195)
S.C. Code Ann 17-27-80 (17-27-90) 17-27-100 Annotated.

It has long since been a standard of the practice of law before this court, and the United States Constitution, to encompass South Carolina Constitution, That [every] defendant to include the applicant. Has a guaranteed 14th amendment right to have had [all] of the [now raised] issues Before this court raised, and ruled upon and properly adjudicated on each merit in his [original] [PCR] and [Supplemental] amended complaint. thus, state incorrected, heinderances caused the statute of limitation doctrine the state alludes to in its return to dismiss. applicant did not [Knowingly] and willingly [wgive] his rights to have all his issue preserved for review and appeal [all his claims] from pcr denial.

The Honorable
William H. Seals, Jr
Presiding Judge twelfft
Judicial circuit
P.O Box 143
Marion SC 29571
(Case No. 2013-CP-21-1195)

FILED 2013 DEC 23 AM 11:40
CONNIE REEL-[?]
CCP & [?]
FLORENCE CO[?]

C. Belated appeals, wilson, odom,

There since in applicants orginal pcr and supplemental complaint. both counsels of record [failed] gravely to [timely] and to [adeyyaatly] raise all issues reluvant to the applicant obtaining his one (1) full-bite at the apple during that pcr and appeal process. Thus, attorney Joshua L. Thomas has ask this Court to ▬▬ Commit fraud by asserting that applicant is challenging and attacking the validity of his conviction and sentence. when clearly the two (2) objections in applicant's conditional or response and the amended motion under Austine prima facia conveys applicants assertions, argues, pleadings and affadavits in surport. proffers applicant is [only] attacking, the final order of dismissal prepared by attorney Joshua L. Thomas

Exibit #5
5 of 10

and presented to you for signing violates the standards of integrity, decency, and ethical boundaries, where attorney Joshua L. Thomas (order) illustrates that the applicant objected two (2) times to conditional order not becoming final. He then mentioned at least applicant raises six (6) allegations for why the conditional order should not become final. but! If doesn't include the claims in the order in which he expected you to sign. He must think that you are just going to sign the final order without reading, and viewing all applicants law and facts in support of evidentiary hearing and appointment of counsel to represent him pursuant to applicants right under Odom, Austine, Wilson, and S.cf Rule G-9 applicants right to counsel. attorney Joshua L. Thomas is well aware as an officer of the court and member of the bar, That there is no [statute of limitations] that applys to Austine, Odom, extended in wilson 348 SC 215, 559 SE2d 581 (2002) However, he inadverfuntly leaves out the crux of applicants claims in this regards in both conditional and final order. He makes no mention of them

P.6, ¶#6

Consequently, to any of applicants [found afioul] claims, in his sept 30, 2013, pm 2:15 filed objection to conditional and final order of dismissal. Surely, if he had only remotely, gazed at [any] of the claims and unadjudicated claims, not properly preserved, raised or ruled upon, by counsels not [timely] adequantly ...

Pliff #7 [preserving] them at first pcr and supplemental original order. He would then discover applicant is not attacking his conviction or sentence. but moreover, the states procedural process pursuant to S.C code 17-27-80, 17-27-90 - 17-27-100, which caused applicants now raised claims not to be proper for briefing on appellate review, because of inadequnant counsel. Austine, and now, newly ruled upon Wilson, does not allow the state to penalize applicant for state created expirations for filing pcr. The [remedy] the the state supreme court established in wilson, was to [correct] the [unjust] proceedings and defects under pcr rules, assistant attorney Joshua L. Thomas as an officer of the court is to have you sign a final order of dismissal misrepresenting the law

and facts. and to put Rule according to findings of all facts, and conclusions of all law in support of the first PCR Original application.

See pgs 1 of 1, 1 of 2 and 1 of 3 to incompass 104 in applicants 2013 Sept 30 pm 2:13 objection to conditional and final order of dismissal. Hence, the court will conclude application cannot be [legally] dismissed as successive, untimely, and for failing to state a claim upon which relief can be granted.

### Standard of review on appeal

The Supreme court will not uphold PCR dismissal when not supported by probative evidence, because counsels on PCR and appeal failed to [timely] adequately raise the new claims. applicant never got a full bite of the apple. and never had a PCR Austin procedures for review in this court are the [same] as for belated appeals or direct appeals. SEE SCACR 227(g) the Supreme court has determined statute of limitations does not apply PCR application. Odom.

D. Ofc. #B

Finally, All issue must be ruled upon by the pcr Judge in this instant matter. Or will not be considered preserved for review by the supreme court. Pruitt v. State, 310 S.C. 254, 423, SE2d 127 (1992) Therefore, respectfully, If the court order of denial is final, and no evidentiary hearing will be granted. applicant according to the afore mention request by motion and order to alter or amend pursuant to SCRCP 59(e)

because the attorney general office

and this court has refused to appoint adequate counsel to assist applicant

by bird representation cannot stop the motion pursuant to SCRCP 59(e) on all grounds, arguements, amendments, claims, and pleadings to be ruled upon properly according to findings of facts and conclusions of law in final order. Quoting Marlar v. State citation (2010) (omitted)

It Is S9 Motion

/s/ Robert Graham Jr.

pro litigant

CERTIFICATE →

OVER

CERTIFICATE

2013 DEC 23 AM 11:40 FILED CONNIE REEL-SHERRARD COOP &amp; GS FLORENCE COUNTY S.C.

THE STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF FLORENCE )
                    (12-0039)    )    2013-cp-21-1195
Robert Graham Jr )
        applicant.    )    AFFIDAVIT OF
                     )    SERVICE BY
                     )    MAIL
                     )
STATE OF SOUTH CAROLINA    )    pgs 1-10
        Respondent.    )
_____    )    SEE Affidavit 1 OF 2
                                2 of 2

1. I am the perry c.i mail-room personel in the above-beneath-action.

2. on this 20th day of 2013, proper service by mail was served upon beneath parties for a SCRCP 59(e) motion to alter or amend judgement, findings of facts, and conclusions of law pursuant to pruitt v. State, 310 S.C. 254, 423 se2d. 25 127 (1992)

Sworn to before me
this 9th day of December 2013
Nancy C. Merchant
Notary Public For SC
EX 1-23-2020

/s/ Robert Graham

(1) Clerk Connie R. Sherman
    180 N. Irby St MSC-ERM
    B-11 Florence SC.

(2) Hon William H. Seals Jr
    Presiding Judge 12th Judicial
    circuit PO Box 143
    Marion, SC 29571