| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | ) | |
| | | |
| Robert Graham, Jr., #178039 | ) | |
| Applicant, | ) | Case No.: 2000-CP-21-810 |
| vs. | ) | |
| State of South Carolina, | ) | ORDER OF DISMISSAL   EX-7 |
| Respondent. | ) | |

This matter comes before the Court by way of an application for post-conviction relief filed May 22, 2000. An evidentiary hearing was held June 3, 2002, at the Florence County Courthouse. Applicant was present and represented by counsel, Amy Wise, Esq. The State was represented by Melody J. Brown, Assistant Attorney General.

At the outset of the hearing, Applicant's counsel advised this Court that Applicant wished to be designated "co-counsel" at the hearing. I declined to do so, as there is no right to hybrid representation in this state. *See* State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564 (1998). However, I allowed Applicant ample time to confer with counsel during the hearing and to be as active as possible in the presentation of his case.

Counsel for Applicant moved for summary judgment based on the State's failure to make a timely return. Applicant relies on the rules of civil procedure; however, the rules of civil procedure are only applicable to the extent that they are not inconsistent with the Uniform Post-Conviction Act. Rule 71.1, SCRCP. The Act does not contain an provision for default, nor a provision for strict compliance by the State. I deny Applicant's motion for summary judgment.