



OCT 1 5 2013

GENERAL COUNSEL

ALAN WILSON
ATTORNEY GENERAL

October 14, 2013

David M. Tatarsky, General Counsel
South Carolina Department of Corrections
4444 Broad River Road
Columbia SC 29221-1787

Re:    Robert Graham, Jr., #178039 v. State of South Carolina
       2013-CP-21-1195

Dear Mr. Tatarsky:

Enclosed please find the **Conditional Order of Dismissal** dismissing the above-captioned inmate post-conviction relief application. Please serve the inmate, **Robert Graham, Jr., #178039** with the order and provide me with the affidavit of service (enclosed).

If you have any questions, please feel free to call: (803) 734-3737.

Sincerely,

Joshua L. Thomas
Assistant Attorney General

JLT/nb
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF FLORENCE ) <br> ) <br> Robert Graham, Jr., # 178039, ) <br> ) <br> Applicant, ) <br> ) <br> v. ) <br> ) <br> State of South Carolina, ) <br> ) <br> Respondent. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> FOR THE TWELFTH JUDICIAL CIRCUIT <br><br> Case No. 2013-CP-21-1195 <br><br> **CONDITIONAL ORDER** <br> **OF DISMISSAL** |

This matter comes before the Court by way of an Application for Post-Conviction Relief filed May 2, 2013. The Court finds as follows:

## I. PROCEDURAL HISTORY

Applicant is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Florence County Clerk of Court. In June 1997, the Florence County Grand Jury indicted Applicant for two counts of first-degree burglary and one count of grand larceny (97-GS-21-742, Counts One through Three). Todd Tucker, Esquire, and Michael S. Bell, Esquire represented Applicant. On November 6-7, 1997, the Applicant proceeded to trial before the Honorable B. Hicks Harwell, Jr. and a jury on one count of first-degree burglary and one count of grand larceny. The jury found Applicant guilty as charged. Judge Harwell sentenced Applicant to confinement for a term of his natural life[1] for first-degree burglary and one year concurrent for grand larceny.

---

[1] Applicant had a prior convictions for first-degree burglary (1991-GS-21-1188, Count Four) and second-degree burglary (1990-GS-21-1187, Counts One and Three).

Page 1 of 9



A timely notice of appeal was filed on Applicant's behalf and an appeal was perfected. The South Carolina Supreme Court certified the appeal for review and affirmed Applicant's convictions and sentences. State v. Graham, Op. No. 2000-UP-028 (S.C. Sup. Ct. filed March 13, 2000). The remittitur was returned to the circuit court on April 19, 2000.

Applicant filed an application for post-conviction relief (2000-CP-21-810) on May 22, 2000, in which he alleged he was being held unlawfully as a result of:

1. Ineffective assistance of counsel;
2. Cruel and unusual punishment; and
3. Violations of his constitutional rights.

On June 3, 2002, the Honorable James E. Brogdon, Jr., convened an evidentiary hearing at which the Applicant was present and was represented by Amy Wise, Esquire. By order dated July 12, 2002, Judge Brogdon denied and dismissed Applicant's application.

A timely notice of appeal was filed on Applicant's behalf. The South Carolina Office of Appellate Defense submitted a Johnson[2] petition for writ of certiorari and the Applicant submitted his own *pro se* petition. On November 6, 2003, the South Carolina Supreme Court denied the petitions. The remittitur was returned to the circuit court on November 24, 2003. Applicant subsequently filed a *pro se* petition for rehearing, which the Supreme Court denied on December 10, 2003, as untimely.

On January 14, 2005, the Petitioner filed a second post-conviction relief application (2005-CP-21-82) styled as a petition for a writ of *habeas corpus*. In that application, Applicant alleged he was being held in custody unlawfully for the following reasons:

1. Lack of subject matter jurisdiction, and
2. "The Applicant was denied his Sixth Amendment right to a fundamentally fair trial."

---

[2] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988)

The Court issued a conditional order of dismissal on August 22, 2005, provisionally denying and dismissing the action. Petitioner filed a timely response to the conditional order. The Court issued a final order of dismissal with prejudice on October 31, 2006. Petitioner filed a notice of appeal. The South Carolina Supreme Court dismissed the appeal on January 11, 2007. The remittitur was returned to the circuit court on February 1, 2007. During the pendency of the appeal, Applicant also filed a motion to reconsider with the circuit court. The Court denied the motion, and the South Carolina Court of Appeals dismissed an appeal from the denial. The remittitur was sent on November 28, 2007.

Applicant filed another petition for *habeas corpus* on August 17, 2009 (2009-CP-21-1805). The Court dismissed the petition by order filed November 28, 2009. Applicant filed a notice of appeal. The South Carolina Supreme Court dismissed the appeal on January 26, 2010. The remittitur was returned on February 12, 2010.

Applicant filed a federal *habeas corpus* petition on February 26, 2010 (6:10-376-MBS-WM). The United States District Court for the District of South Carolina dismissed the petition on February 11, 2011. Applicant petitioned the United States Court of Appeals for the Fourth Circuit for leave to file a second federal *habeas corpus* petition on August 3, 2012 (Docket No. 2012-263). The Fourth Circuit denied the petition on August 23, 2012.

## II. CURRENT APPLICATION

In his current application for post-conviction relief, Applicant alleges he is being held in custody unlawfully for the following reasons:

1. "Violation of S.C Code 17-25-45 H."

Page 3 of 9

2. "State v. Johnson (2001) written notice to applicant"
3. "SCRCP 29(b) ineffective counsels"

Applicant hand wrote into the caption of the application "Notice and Motion for New Trial pursuant to SCRCP 23(b) and S.C. Code Ann 17-25-45(H)" and "State v. Johnson 334 SC 67 552 SE2d 39 (2001)." In attachments to the application, Applicant cites Shepard v. United States, 544 U.S. 13 (2005) and United States v. McFalls, 592 F.3d. 707 (6th Cir. 2010) as "forbid[ding] enhancements like [the life sentence Applicant received.]" In a "Memorandum of Law in support of New Trial" attached to the application, Applicant raises eight (8) arguments. Each argument challenges the validity of his life sentence under the recidivist statute. Applicant's application also included a "Notice of Motion Requesting Transportation to Hearing[,]" "Notice of Motion to Vacate Indictment No 97-GS-21-742[,]" and "Application for Appointment of Counsel Pursuant to Extradonary [sic] Circumstances[.]"

On July 25, Applicant filed a Notice and Motion to Amend Pursuant to SCRCP [...] 15,[...] Seeking Austin Review." In this filing, Applicant alleges "ineffective assistance of post-conviction relief counsel for failure to protect applicant/petitioners state and federal constitutional rights to seek appellate review of the denial of applicants first (June 2002) post-conviction relief..." On August 16, Applicant filed a "Notice and Motion to Seal the Record of this Case and Remove it to the 4th Circuit Court of Appeals." In this filing, Applicant alleges he "is likely to be prejudiced ... trying to obtain Austin Review, or any other due-process right where applicant is forced to go through the same system[.]"

Respondent made a Return and Motion to Dismiss on _____, 2013. Respondent asked this Court to dismiss the application as successive, untimely, and failing to state a claim upon which relief can be granted.

### III. <u>FINDINGS OF FACT AND CONCLUSION OF LAW</u>

S.C. Code Ann. § 17-27-70(c) authorizes the Court to "grant a motion by either party for summary disposition of [an] application when it appears from the pleadings ... that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." The Court has reviewed the pleadings and all relevant supporting documents. Pursuant to S.C. Code Ann. § 17-27-70(b), the Court makes the following findings of fact and conclusions of law in ruling on Respondent's motion to dismiss:

#### A. <u>Successive Application</u>

The Court finds that this application should be dismissed because it is successive to the previous application for post-conviction relief. Successive applications for post-conviction relief are disfavored. <u>Land v. State</u>, 274 S.C. 243, 246, 262 S.E.2d 735, 737 (1980). S.C. Code Ann. § 17-27-90 requires that:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental or amended application.

Under this statute, successive post-conviction relief applications are forbidden unless an applicant can point to a "sufficient reason" why new grounds for relief were not raised or were not properly

raised in previous applications. <u>Aice v. State</u>, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991). Any new ground raised in a subsequent application is limited to those grounds that "could not have been raised . . . in the previous application." <u>Id.</u> If the applicant could have raised these allegations in a previous application, then the applicant may not raise those grounds in successive applications. <u>Id.</u> The applicant bears the burden of showing that the allegations could not have been raised previously. <u>Id.</u>

Applicant raised these grounds for relief in his prior post-conviction relief application. In fact, Applicant has challenged the validity of his life sentence in a direct appeal, a post-conviction relief action, two state *habeas corpus* petitions, and a federal *habeas corpus* petition. Applicant has failed to present any reasons why these grounds are different from the grounds previously raised in [previous applications]. Therefore, the Court finds that summary dismissal is appropriate.

## B. Failure to Timely File

The Court further finds that this application should be dismissed for failing to comply with [the procedures] of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §17-27-45(a) provides that:

> "An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."

This statute of limitations applies to all applications filed after July 1, 1996. <u>Peloquin v. State</u>, 321 S.C. 468, 470, 469 S.E.2d 606, 607 (1996).

The remittitur from Applicant's direct appeal of his conviction was sent on April 19, 2000. Applicant was therefore required to file his application before April 19, 2001. This application was

filed on May 2, 2013, which was well beyond the time that the statutory filing period had expired. Therefore, the Court finds that summary dismissal is appropriate.

### C. Failure to State a Claim

The Court further finds that this application should be dismissed for failing to state a cognizable claim under the Uniform Post-Conviction Procedure Act. An applicant may commence a post-conviction relief action based on the following grounds:

> "(1) That the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State;
> (2) That the court was without jurisdiction to impose sentence;
> (3) That the sentence exceeds the maximum authorized by law;
> (4) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
> (5) That his sentence has expired, his probation, parole or conditional release [was] unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or
> (6) That the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under common law, statu... ther writ, motion, peti...

... -20(a) ... st... .is motion as a Rule 29, SCRCrimI  motion based upon after discovered evide... the motion cites the Rules of Criminal P cedure, it is improperly filed as a civil action.

To the extent applic... can be interpreted as one for post-conviction relief, it still fails to s... failure to comply with the notice requirement of the recidivist statu... , S.C. Code Ann. 17-25-4... of the notice

---

[3] "Where the solicitor is required to seek or determines to seek sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial."

Page 7 of 9

requirements should have been (and was) raised on direct appeal and thus cannot be raised in an application for post-conviction relief. See Humbert v. State, 345 S.C. 332, 338, 548 S.E.2d 862, 866 (2001) (citing Drayton v. Evatt, 312 S.C. 4, 430 S.E.2d 517 (1993)). Furthermore, to the extent Applicant attempts to cite to State v. Johnson, 347 S.C. 67, 552 S.E.2d 339 (2001), that case's notice requirement was overruled by James v. State, 372 S.C. 287, 641 S.E.2d 899 (2007). Finally, Applicant's request for Austin review of his first PCR is moot because he did in fact file an appeal from that decision, and that appeal was dismissed by the South Carolina Supreme Court. Therefore, the Court finds that summary dismissal is appropriate.

## IV. CONCLUSION

The Court finds that the record before the Court creates no genuine issue of material fact and Respondent is therefore entitled to judgment as a matter of law.

Pursuant to S.C. Code Ann. § 17-27-70(b), the Court intends to dismiss this application with prejudice unless Applicant provides specific reasons, factual or legal, why the application should not be dismissed in its entirety. Applicant is granted twenty (20) days from the date of service of this Order upon him to show why this Order should not become final. Applicant shall file any reasons he may have with the Florence County Clerk of Court and shall serve opposing counsel at the following address:

        Office of the Attorney General
        Attn: Joshua L. Thomas, Esquire
        Post Office Box 11549
        Columbia, South Carolina 29211

[ *signature page to follow* ]

AND IT IS SO ORDERED this _23_ day of _Sep_____, 20_13_.

_____
THE HONORABLE MICHAEL G. NETTLES
Chief Judge for Administrative Purposes
Twelfth Judicial Circuit

_Florence_____, South Carolina

FILED
2013 SEP 24 AM 11:56
CONNIE REEL-SHEARIN
CCCP & GS
FLORENCE COUNTY, SC

Page 9 of 9

CERTIFIED: A TRUE COPY
Connie Reel Shearin
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.