Exhibit # 12

2013-CP-21-1195

FORM 5

Copy
ORIGINAL

STATE OF SOUTH CAROLINA

County of *Florence SC*

*Robert Graham Jr.* 172039
Full name and prison number (if any) of Applicant

V.

State of South Carolina

IN THE COURT OF COMMON PLEAS

Notice AND Motion
For New trial pursuant
to SCRCP 29(b) AND
S,C Code ANN 17-25-45
(H)

APPLICATION FOR
POST-CONVICTION RELIEF

STATE V. Johnson 334 SC
07 552 SE2d 39 (2001)

Austine review 17-27-100
17-27-80

FILED
2013 MAY -2 PM 3: 1
CONNIE REEL-SHEARIN
CCCP & GS
FLORENCE COUNTY, S.C.

## INSTRUCTIONS-READ CCAREFULLY

In order for this application to receive consideration by the Court, it shall be in writing (legibly handwritten or typewritten), signed by the applicant and verified (notarized), and it shall set forth in concise form the answers to each applicable question. If necessary, applicant may furnish his answer to a particular question on the reverse side of the page or on an additional page. Applicant shall make clear to which question any such continued answer refers.

Since every application must be sworn under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction of perjury. Applicants should, therefore, exercise care to assure that all answers are true and correct.

If the application is taken in forma pauperis, it shall include an affidavit (attached at the back of the form) setting forth information which established that applicant will be unable to pay the fees and costs of the proceedings. When the application is completed, the original shall be mailed to the Clerk of Court for the County in which the applicant was convicted.

1.  Place of detention  *P.C.I*
    *430 Oaklawn Rd. Ria 206 00120 5C 29501*

2.  Name and location of Court which imposed sentence *12th Judicial*
    *circuit 190 N. Irby st Florence SC 29501*

3.  Name(s) of co-defendant(s) (if any)  *NONE*
    _____

4.  The indictment number or numbers (if known) upon which and the offenses for which

CERTIFIED A TRUE COPY
Connie Real Shearin
CLERK OF COURT, C.P. & G.S.
FLORENCE COUNTY, S.C.

sentence was imposed:

(a) April, 9th 1991 (90-Gs-21-1187)

(b) April 9th 1991 (90-Gs-21-1188) (Apr 9th 1991)

(c) (90-Gs-21-95) Nov 7, 1997) 97-Gs-21-742

5. The date upon which sentence was imposed and the terms of the sentence:

(a) April 9, 1991 GS-1187, GS-1188-

(b) GS-95, current 2u year quilty plea X-Y-Z) (see exhibits)

(c) Special disposition, Nov 7, 1997 (LWOP)
See (7-25-45-(H) Johnson v. State
334 SC 67 (2001) 550 SE2d 39

6. Check whether a finding of guilty was made:

(a) after a plea of guilty April 9th 1991, above (numbers)

(b) after a plea of not guilty Nov 7, 1997

(c) after a plea of nolo contendere _____

7. Did you appeal from the judgment of conviction or the imposition of sentence?

Did not Appeal April 9, 1991 plea, Appealed
Nov 7, 1997 trial by jury

8. If you answered yes to (7), list:

(a) the names of each Court to which you appealed:

i. South Carolina Court of Appeals

ii. _____

iii. _____

(b) the result in each such Court to which you appealed:

i. June 14, 1999 Appelle court

ii. _____

iii. _____

(c) the date of each such result:

i. _____

ii. _____

iii. _____

(d)  if known, citations of any written opinion or orders entered pursuant to such results:

i. _____ N | A _____

ii. _____

iii. _____

9.  If you answered no to (7), state your reasons for not so appealing:

(a)  April 9, 1991 guirty plea,

(b)  _____

(c)  _____

10.  State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

(a)  Violation of S.C code 17-25-45 H

(b)  State v. Johnson (2001) written notice to Applicant

(c)  SCRCP 29(b) ineffective Counsels,

11.  State concisely and in the same order the facts which support each of the grounds set out in (10):

(a)  See exhibit X - Y - Z

(b)  See exhibit # 27, Exhibit # 5

(c)  See exhibits

12.  Prior to this application have you filed with respect to this conviction:

(a)  any petition in a State Court under South Carolina Law? Yes

(b)  any petition in State or Federal Courts for habeas corpus or post-convictions relief? Yes

(c)  any petition in the United States Supreme Court for certiorari other than petitions, if any, already specified in (8)? No

(d)     any other petitions, motions or applications in this or any other Court? _NO_

13.     If you answered yes to any part of (12), list with respect to each petition, motion or application:

(a)     the specific nature thereof:

i.     _2254_

ii.     _2241_

iii.     _____

iv.     _____

(b)     the name and location of the Court in which each was filed:

i.     District court of Greenville SC

ii.     4th circuit court of Appeals

iii.     _____

iv.     _____

(c)     the disposition thereof:

i.     dismiss without prejudice Greenville

ii.     dismissed without reason 4th circuit

iii.     _____

iv.     _____

(d)     the date of each such disposition:

i.     N/A

ii.     _____

iii.     _____

iv.     _____

(e)     if known, citations of any written opinions or orders entered pursuant to each such disposition:

i.     _____

ii. _____

iii. _____

iv. _____

14. Has any ground set forth in (10) been previously presented to this or any other Court, State of Federal, in any petition, motion or application which you have filed?

_____ yes _____

15. If you answered "yes" to (14) identify:

(a) which grounds have been presented:

i. all except illegal plea

ii. AND SCRCP 29(b) AND

iii. motion for new trial after discovered
evidence

(b) the proceedings in which each ground was raised:

i. _____

ii. _____

iii. _____

16. If any ground set forth in (10) has not previously been presented to any Court, State or Federal, set forth the ground and state concisely the reasons why such ground has not Previously been presented:

(a) all grounds in present application

(b) under McFalls v. United States,

(c) and after discovered evidence SCRCP
Rule 29(b) not discovered to me Rule 29(b)

17. Were you represented by an attorney at any time during the course of: Juppar

(a) your arraignment and plea? April 4, 1991 plea yes.

(b) your trial, if any? Nov 7, 1991 yes two

Todd Tucker, John Ben esquire
public defenders of the time.
See clerks records

(c)    your sentencing? April 9 1991 20 Year plea)

(d)    Nov 7, 1997 LWOP 17-25-45-H
your appeal, if any, from the judgment of conviction or the imposition of sentence?

Appealed Nov 7, 1997 trial)

(e)    preparation, presentation or consideration of any petitions, motions or applications

with respect to this conviction, which you filed? _____ Yes

18.    If you answered yes to one or more parts of (17), list:

(a)    the name and address of each attorney who represented you:

i.    John Jepartiny,
Todd Tucker 12th judicial circuit

ii.    John Bell 12th judicial circuit
Aileen P. clare Appellete defense

iii.    Glenn Elliott PCR Florence SC
Amy wise PCR, Florence SC

(b)    the proceedings at which each such attorney represented you:

i.    John Jepartiny April 9, 1991
20 Year plea, before Judge John

ii.    Wall Jr, Todd Tucker, John
Bell during Nov 7, 1997 trial,

iii.    Aileen P. clare Appomet
defense, Tara Targef,

19.    State clearly the relief you seek in filing this application:

SCRCP, Motion For new trial
Rule 29(b) after discovered
evidence see memorandum and
McFalls v United States attached brief.

20.    Are you now under sentence from any other court that you have not challenged?

NONE

# APPLICATION TO PROCEED WITHOUT PAYMENT
## OF COSTS AND AFFIDAVIT
### IN SUPPORT THEREOF

I, _Robert Graham Jr 1780039_ hereby apply for leave to proceed in this action without prepayment of fees or costs or security therefore. In support of my application I declare under penalty or perjury that the following facts are true:

(1)    I am the applicant in this action and I believe I am entitled to redress.

(2)    Because of my poverty I am unable to pay the costs of said proceeding or give security thereof.

_Robert Graham Jr_
_Applicant_

SWORN or affirmed to and subscribed before me this
_29th_ day of _April_, _2013_

_Patricia Buchanan_
_Notary Public_

My Commission Expires: _4-26-2020_

No Notary available
So Affidavit
Robert Graham

STATE OF SOUTH CAROLINA )
*12th Judicial circuit*
County of *Florence SC 2013d* )                    **VERIFICATION**

I, _Robert Car Jr 178v24_____, being duly sworn upon my oath,
depose and say that I have subscribed to the foregoing application; that I know the contents thereof;
that is includes every ground known to me for vacating, setting aside or correcting the conviction and
sentence attacked in this application; and that the matters and allegations therein set forth are true.

_Robert Gril Jr_

SWORN to and subscribed before me this _29th_
day of _April_, _2013_

_Patricia Buchanon_____ (L.S.)
                Notary Public

My Commission Expires: _4-26-2020_

FILED

2013 MAY -2 PM 3: 11
CONNIE REEL-SHEARIN
CCCP & GS
FLORENCE COUNTY, SC

CERTIFIED: A TRUE COPY
Connie Reel Shearin
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

STATE OF SOUTH CAROLINA )    IN THE COURT OF GENERAL SESSIONS
COUNTY OF FLORENCE )    C/A No. ~~‑‑‑‑‑‑‑‑‑~~

2013-CP-21-1195

Robert Graham, Jr., )
      Applicant, )
       )
vs. )
       )
State of South Carolina, )
      Respondent. )    ORDER

It appearing that the Applicant, _____, is desirous of and qualifies for an appointment of an attorney,

NOW THEREFORE

IT IS ORDERED that the Office of the Florence County Public Defender is hereby appointed to represent the Applicant.

Attorney:_____
       _____
       _____
       _____

DATED: April __, 2013    _____
Florence, S.C.    PRESIDING JUDGE, TWELFTH JUDICIAL CIRCUIT

STATE OF SOUTH CAROLINA    )        IN THE COURT OF COMMON PLEAS
COUNTY OF FLORENCE, S.C.    )        TWELFTH JUDICIAL CIRCUIT

Robert Graham Jr.,    )
       Applicant,    )        C/A NO.: ▮▮▮▮▮▮▮▮▮
        )        2013-cp-21-1195
vs.    )
        )
State of South Carolina,    )
_____Respondent    )        SUMMONS

*FILED 2013 MAY -2 PM 3:11 CONNIE REEL-SHEARIN CCOP & GS FLORENCE COUNTY, S.C.*

    You are summoned as required by this complaint to fulfil as named Respondent to this action and complaint, a copy of which is herewith served upon you, and to serve a copy of your answer to complaint upon Applicant; Robert Graham Jr., #178039 at Perry Correctional Institution Q-1-A 206/ 430 Oaklawn Road/ Pelzer, S.C. 29669, within thirty (30) days after service hereof, exclusive of the day of such service and if you fail to answer the complaint, judgement by default will be rendered.

## RECEIVED

APR 2 2 2013

P.C.I. MAILROOM

April 22, 2013
Florence, S.C.

*Robert Graham*
Robert Graham Jr.

(1) ass/Atty Gen.
Melody Brown
P.O. Box 11549
Columbia SC 29211

## RECEIVED

APR 2 9 2013

P.C.I. MAILROOM

To: 12th Judicial circuit,
Clerk mrs!
Connie R.Bell
C/O
Solicitor Edward clement
180 North Irby st
msc-E Florence sc
zip 29501
see attached exhibits

THE HONORABLE CONNIE R. BELL
CLERK OF COURT, FLORENCE COUNTY
180 NORTH IRBY STREET
MSC-E FLORENCE, S.C. 29501

Robert Graham Jr.,          )

    Applicant,          )

                 )     MEMORANDUM OF LAW IN SUPPORT

vs.          )     OF NEW TRIAL, MOTION SCRCP

                 )     RULE 29. RULE 29 AND 60

State of South Carolina, )     SCRCP AND RULE 8 FOR

    Respondent e.t.al)     EVIDENTIARY HEARING

$2013-cp-21-1445$

    Applicant, Robert Graham Jr., (por-se) litigant call upon the jurisdiction of this Honorable Court pursuant after discovered evidence, the pulling and viewing of all records, indictments, warrants, exhibits, and sheet sentencing with regards to April 9, 1991, multiple 20 year negotiated guilty plea, as for rather or not the plea was for one (1) single deposition, conviction, or if it was for two or more prior intervening convictions for sentencing purposes. See exhibit 90-G8 91-G5 90-G5 11-n-88 21-95 21-1187,

    The reason for this Motion is to have the Court take judicial notice of the courts and appeals courts interpretation as to how many intervening new convictions Applicant had after or on the date of April 9, 1991 trial by jury where the prosecutor counted indictment numbers 90-GS-21-1187, 90-GS-21-1188, 90-GS-21-95, from April 9, 1991 plea as three (3) April 9, 1991 convictions for sentencing purposes, though multiple charges. Notice exhibit X Y Z A-E

    The indictments numbers prosecutor put into the record at trial, 90-GS-21-1188, 91-GS-21-95, 90-GS-1188, were all established to be pled to at the same time, on the same day without argument which was April 9, 1991 before Honorable John Wallace. Still the April 9, 1991 multiple guilty plea indictments

were separated and counted as [numerous] different [intervening] arrests. The State has alleged that it complied with the [mandatory] requirements under statute S.C. Code Ann. §17-25-45(H), to have factually and fruitfully [served Graham] the recidivist notice of intent document [in writing] ten (10) days prior to the trial as the general assembly mandated, but the copy Applicant received eight years after trial bears no such signature of defendant Robert Graham Jr. exist. See <u>Johnson v. State</u> (2001).

Wherefore, the motion to take judicial notice of the circuit court clerk's records is properly and imperative to establish sufficient evidence under the motion for relief to be granted pursuant to Gibson v. State, 334 S.C. 515, 514 S.E.2d 320 (1997). Applicant never would have pled guilty to the multiple offenses at April 9, 1991 had plea counsel advised him that seven (7) or ten years later, if Applicant was ever charged with anything else of the same that the court would use that 20 years plea to enhance his punishment to a greater and more severe penalty, this was not known to Applicant at plea, neither was it known to Applicant at 1997 trial by jury, or previous PCR hearing date June 2002, that the indictment numbers 90-88 , 91-86T , 90-65 , 91-95 , were used at trial as two or more prior distinct intervening arrests were actually all ran [concurrent] by Judge John Waller, plead to at the [same time] sentenced run concurrently with all the indictment numbers prosecutor placed into the record at trial on November 7, 1997, S.C. Code Ann. 17-25-45(H) annotated is a forced statue for life without parole, where priors used to enhance a second degree nonviolent burglary into two or more priors for first degree enhanced penalty this was highly prejudicial to due process of law, had Applicant known this at trial he would had said so.

ARGUMENT I

SUPPORTING FACTS

Exhibits 1-5 attached, proves, Applicant at November 7, 1997 trial only had one prior conviction, deposition for sentencing purposes. Notice 1997 trial indictment #97-GS-21-742, 11-7-97. See on the parole boards [exhibit #5] calculations of sentences; (April) 4-9-91, trial judge sentence Applicant outside the scope of the [three strike] requirements, to life without parole. Evidence shows Applicant at 1997 trial did not for sentencing purposes have [two or more] priors, Applicant is serving an illegal, excessive miscalculated sentence, which exceeds the guidelines promulgated by the United States Supreme Court, and Federal guidelines for sentencing under the recidivist statute S.C. Code Ann. §17-25-45(H). *See State V. Johnson (2001) 334 S.c. 67, 552 s.e.2d 36 (c.t. App (2001))* See South Carolina sentencing record summary report dated *#5*, exhibit *XYZ*, it shows Applicant didn't meet requirements for life without parole because records show he factually and legally was only convicted once, April 9, 1991. Trial evidence shows it made one deposition, Applicant's sentence is successive by statutory state and federal guidelines for sentencing purposes. Graham cannot meet career offender guidelines under state arguments S.C. Code Ann. §17-25-45(H) annotated. *Counsels notice under [Johnson] ruling is insufficient applicant must have been served in [writing]*

ARGUMENT II

Expceptional Grossly Proportionate Sentence Enhancement Beyond The Maximum Penalty Described By State And Federal Statutory Law, To Include The United States Supreme Court.

S.C. Code Ann. §17-25-45(H) where the court and state sentence Graham to life without the possibility of parole, without complying with the unambiguous required language in the statute, sentence was exceptional to federal guidelines. The statutory requirements before court could impose the penalty of life without possibility of parole under 17-25-45(H). It was [mandatory]

that (both) Graham (defendant) and counsel was prescribed to have been served in [writing] the notice of states intention to seek life without possibility of parole, ten (10) days in writing prior to trial. See Johnson v. State (2001) citations omitted, see exhibit #1, proffers the notice document was [served] in [writing] on attorney Tucker and John Bell, but nowhere on the instrument in question does [defendant] required signature name appear, per the general assembly's intention, hence, enhancement of offenses at the same time involving the burglary into a dwelling. This argument would still fail because the indictment or the necessary aggravating circumstances mandated to secure a sentence enhancement were never submitted to the jury and because nothing in the indictments indicated the generic use of the word dwelling in terms of aggravating circumstances for sentence enhancement must be charged to the jury. See transcript pg. 83, lines 15-25, pg. 84, lines 1-4.

The Honorable Hicks Harwell decline to show the jury the indictment or to instruct them on the aggravating circumstances necessary to prove the priors before submitting the November 7, 1997 charges to the jury, this deprived court of recidivist enhancement authority under Blake v. Washington, U.S. S.Ct. citations omitted.


## ARGUMENT III

Defendant's Offense Involving Conduct That Presents A Serious Potential Risk Of Physical Injury As Attempted By State To Establish In The Vague Language Of Both April 9, 1991 Guilty Plea, And The Second November 7, 1997 Trial Fails Muster Test.

South Carolina second degree burglary does not categorically as a [crime of violence] by involving conduct that presents a serious potential alleged risk of danger or injury to another. The crime at hand fails to [satisfy] the residual clause because it in the proffered indictments presents not the same risk of generic burglary of a dwelling. Graham's indictments of burglary could only present a serious potential risk of physical injury to

another for sentencing enhancement (purposes) "if it is similar in [kind] as well as in [degree] of risk posed to the enumerated offenses." United States v. Mosely, 553 U.S. 137, 128 S.Ct. 158, 1585, 170 L.Ed.2d 490 (2008).

The risks of the states attempt to characterize Graham as a career violent habitual offender only applied in theory. The true main risk of burglary arises not from the simple act of some kind of wrong doing entering anothers property, but from the possibility of a face-to-face confrontation between burglary and third party whether an occupant, a police or bystander who comes to investigate because the finders of fact never got to view the evidence and charges against defendant in the April 9, 1991 multiple plea offense to determine if the elements of danger or at risk to injury of others existed for enhancement based upon priors, James, 550 U.S. at 203, 127 S.Ct. 1586.

Applicant's sentence was grossly without penal authority. Had Graham known about the indictment numbers mentioned in the body of notice document he would have brought these arguments for the sentencing courts attention. This was highly prejudicial to a fundamental due process of law sentence under the Fourteenth Amendment, Court nor State had any statutory authority for enhancement, 17-25-45(H).


## ARGUMENT IV
### UNCONSTITUTIONAL SENTENCE ENHANCEMENT

The charging documents for Graham's burglary convictions do not contain enough to make the burglary conviction a crime of [evidence] for guidelines career offender purposes. Although a sentencing court may generally only rely upon statutory definitions of prior offenses, and not to the particular facts underlying those convictions to determine whether a sentence should be enhanced, in case where the statutory definition is ambiguous, a court [is permitted to] go beyond the mere facts of convictions and examine the charge papers or jury instructions to determine whether the jury necessarily found in the requisite

elements of an offense that would qualify for a federal sentencing enhancement. United States v. Armstead, 467 F.3d 943, 947 (6th Cir. 2001) quoting Taylor, 495 U.S. at 600, 602, 110 S.Ct. 2143.

A sentencing Court in this situation must examine the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable record of judicial information. Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), questioning of guilty pleas is whether court documents establish that the defendant necessarily admitted the elements of a predicate offense through his plea. United States v. Medinat Al Maguer, 559 F.3d 420, 422 (6th Cir. 2009).

The government is subject to argue that even if Graham's second degree burglary in South Carolina does reflect the absent of violence, it may assert it still categorically qualified as a crime, or a second offense, even under the two strike guidelines, however, the South Carolina indictments numbers 90-GS-21-1188, 91-GS-21-95, 90-GS-21-1187 were separated to count as numerous dispositions, although records, plea agreement, dates and the indictments, and sentencing documents make clear defendant was charged, and pled to above April 9, 1991.

The state used a suggestion of risk arised from innocent people appeared just for the placing of the April 9, 1991 prior in the record. Not only did the jurist not try the facts of the defendant's criminal history for enhancement purposes, they only heard testimony about the November 7, 1997 previous charge at trial, and because of such the state's assertion that defendant qualifies as a career violent offender for sentence enhancement simply cannot apply. The armed career criminal act was not present here to trigger the enhancement penalties mandated by ACCA. see Begay.

ARGUMENT V
MISSOURI V. FRYE
DECIDED MARCH 21, 2012

Probably the most telling error of law, and judicial prejudice in which this court will find, is that Applicant received unprecedent ineffective assistance of counsels during all pre-trial, post-trial, preindictment collateral stages, which is what ultimately led to his excessive miscalculated life sentence without possibility of parole.

Our esteemed United States Supreme Court, not even six (6) months ago, again re-emphasized their precedent, novelty, that Applicant has a sixth amendment constitutional guaranteed right to effective assistance of counsel extending even to plea negotiations, that are lapsed or are rejected.

That right applies to all critical stages of criminal proceedings with ensuring Applicant wasn't pleading April 9, 1991 to more prior arrest and intervening deposition that he was informed before sentencing and at November 7, 1997, attorneys of record had a duty and owed a duty to Applicant not to allow him to stand before a judge and be sentenced outside the state and federal statutory guidelines.

MARTINEZ V. RYAN
DECIDED MARCH 20, 2012

Where under state law, ineffective of attorney claims during initial-review, collateral proceedings, even during post-trial motions, counsels prejudiced Applicant by not investigating priors used at sentencing to see if he statutorily had two or more priors before sentencing. *this is after discovered evidence Rule 29b*

These being procedural and substantial constitutional claims, court should take judicial notice of entire record, viewing initial plea of April 9, 1991, November 7, 1997, of attorneys representations, arraignments, interrogations, entry of guilty

plea to determine if attorneys factually contributed to a Strickland v. Washington, two prong prejudice for prejudicial incompetent plea and trial attorneys during plea and sentencing that should have been caught before sentencing or during deliberations, Applicant would have never demanded a trial. See Hill v. Lockhart, 474 U.S. 52.

The Rule 35 FCRP Motion extends beyond after discovered evidence doctrine. For sentencing purposes Applicant has exhausted all remedies, and factually has been fighting his case faithfully from imposition of sentencing. See Lafler v. Cooper, 376 Fed. APPX. 563, vacated and remanded (2012).

Just as in the Lafler case, Applicant received deficient performance and has shown but for attorneys performance there is a reasonable probability it aided to his receiving as exceptional statutory state and federal U.S. Supreme Court illegal excessive life sentence without the possibility of parole, against the guidelines established for enhancement. Motion for new trial is supported by exhibits, records with sentencing for plea and illegal enhancement constitutes evidentiary hearing procedures incorporated with Rule 35 FRCP.

## ARGUMENT VI
## GUILTY PLEA

Applicant in a guilty hearing must be sworn to. See Nesbit v. U.S., 773 F.Supp. 795.

The record in this case is clear, the Applicant was not "sworn in" pursuant to Rule 603 which is an indisputable violation of the procedural due process guarantee afforded to every person accused. The term "every witness" encompasses persons who witness against themselves at a guilty plea hearing because it is an admission of conduct. this is after discovered evidence false 12(b)

This claim is extraordinary to this Court based on the fact that there is no domestic precedent addressing this issue of which stands on all fours, and this most Honorable Court should take this opportunity to stop such blatant violations and disregard of procedure and say what the law is in this matter.

## ARGUMENT VII

Furthermore, the Applicant's 5th and 14th amendment rights were violated by the lack of a waiver of fundamental constitutional rights. Specifically, the right against compulsory self-incrimination and the right to confront one's accusers. This error is clearly of magnitude so much so that the U.S. Supreme Court reviewed this issue in Boykin v. Alabama, 395 U.S. 238. Through the Plain Error doctrine, the Court ruled that a record silent of a waiver of fundamental rights to; trial by jury; Self-incrimination; and to confront one's accusers, is an insufficient record and the plea is not intelligent or voluntary. That this type of error is Plain Error, and left uncorrected would amount to a miscarriage of justice. *See April 9, 1991 indictments.*

The record in the instant case speaks quite loudly and very clearly that the plea violated the Applicant's constitutional rights to the extent that the proceedings are not reliable and cannot be upheld. Thus, the Applicant's April 9, 1991 plea is void, and the error must be corrected. See Federal Rule 11; See also McCarthy v. U.S., 394 U.S. 459.

The Applicant also contends his 14th amendment right was violated in that a miscarriage of justice has taken place by the very definition of the phrase;

Miscarriage of Justice - a grossly unfair outcome in a judicial proceeding, as when a defendant is convicted despite a lack of evidence on an essential element of the crime. (Black's Law Dictionary).

The Applicant was convicted of two (2) or more priors at the 1997 trial, which encompasses several essential elements, those being elements mandatory to enhance sentence.

The Applicant contends that this miscarriage of justice was manifest due to a lack of understanding of the law in relation to

the facts by himself, his counsel, the prosecution and the court. The facts are: the Applicant never had two or more priors for sentencing purposes. See sentencing transcript.

The U.S. Supreme Court ruled that, "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' See Johnson v. Zerbst, 304 U.S. 458.

In the present case there is no evidence that the Applicant was aware of the consequences of April 9, 1991 plea, nor is there any evidence of sufficient legal three (3) strike from the record, both being essential elements of a charge of enhancement and in their absence, Applicant is "actually innocent" of the charge. As actual innocence is defined as; the absence of facts that are pre-requisites for the sentence given to the Applicant. (Black's Law Dictionary).

The record again is clear and indisputable, and points out the facts and lack of essential elements. Furthermore, the South Carolina Supreme Court had made a ruling which stands on all fours with the Applicant's position in State v. Johnson, 2001, making the Applicant entitled to a same ruling under the equal protections clause of the 14th amendment. For the Court to continue to deny him is incompatible with the demands of justice. Thus, the Applicant should be allowed to litigate upon this claim as the interests of justice are at stake.


## ARGUMENT VIII

The Applicant further contends that his constitutional rights were violated in a manner that questions the judicial process by the violation of his 6th amendment right to effective assistance of counsel.

The Applicant contends that errors committed by his trial counsel undermine the foundation of justice and the results of the proceedings that led to his conviction and sentence are unreliable and cannot be held as conclusive. Because, had counsel

not committed such critical errors, the outcome of the proceedings would have been different. This was prejudicial.

Counsel first failed to object to illegal use of priors, statements made to the Court by the prosecution during Applicant's trial. The Solicitor falsely informed the Court that it served Applicant notice under 17-25-45(H) and that priors exsisted for enhancement. See guilty plea April 9, 1991, exhibits #27 p95, exhibit Y-Yz, Exhibit #5.

No witness gave any such testimony and counsel should have made this known to the Court. See PCR transcript, where Applicant presents testimony from the witnesses stand and never mentioned this, it was not known. and qualitys as offer discovared avidece ccRcP 29 (b)

The Solicitor deliberately presented false testimony to the Court and Applicant's counsel failed him by failing to object and correct this false testimony. See scRcP Rule 29 (b)

The U.S. Supreme Court ruled that; Deliberate deception of a Court and/or jurors is incompatible with the rudimentary demands of justice. See Giglio v. U.S., 405 U.S. 150, 153 (1972); See also Washington v. State, 324 S.C. 232, 478 S.E.2d 833 (1996).

The failure to act by the Applicant's counsel is unreasonable and falls below the norms of his profession. Thus, the Applicant's right to effective assistance of counsel was violated in a plain and most harmful manner as the Court ruled upon the so-called facts given by the Solicitor and sentenced the Applicant to the maximum term of confinement. Where had counsel corrected this false testimony by Solicitor, Applicant may have received the minimum term of confinement. Applicant second degree burglary non-violent as arrested for and charged at bond hearing. This failure to act by counsel became relevant because the Applicant's position from the time of arrest and throughout proceedings was that a second degree non-violent burglary had been committed, not two or more. See trial transcript.

By counsel failing to inform the Applicant prior to pleading to April 9, 1991 burglaries, he consequently set up a scheme for unintelligent and involuntary decision to plead guilty without

full knowledge of all his alternatives. One of which being that life without parole could be possible **by** later offense of the charge of priors. At November 7, 1997 trial had not counsel advise Applicant to plea would not have been present as aggravating circumstance. Thus, counsel's representation fell below the standard of reasonableness, becoming a violation of Applicant's 6th amendment right to effective assistance of counsel. See exhibits _A-13_____, _C-D_____, _X-Y-Z__, __Exhibit 27 A-2__ all indictments placed into the record show May 2, 1991 file, three weeks after April 9th plea. See exhibits _X-Y-Z_, _X-Y-Z_. It shows clearly all April 9th, 1991 indictments was for one twenty year plea not multiple convictions. **See Exhibit E**

April **22**, 2013

s/ _Robert Graham Jr_
Robert Graham Jr.
173037

*Florence city Cwty complex (Edward Clemen
190 N. Irby St MSCE
Florence SC 29501*

UNTIED STATES COURT OF APPEAL

FOR THE FOURTH CIRCUIT

Robert Graham Jr., #178039,

Applicant,

vs.

State of South Carolina,

Respondent.

C/A NO.: ~~9~~ ~~~~~ ~~~~~
*2013-cp-
21-1195*

*FILED*

*2013 MAY -2 PM 3:1*
*CONNIE REEL-SHEARIN*
*CCPP & GS*
*FLORENCE COUNTY,SC*

APPLICATION FOR APPOINTMENT
OF COUNSEL PURSUANT TO
*extradonary circumstance,
April 28 2013,*

1. Name of Applicant <u>Robert Graham Jr.</u>

2. This ha~~s~~ been the most complex and confusing case. Applicant has had major obstacles placed in his way of discovery or even having a lawyer at any stage of his case that even bothered to assertain how the law and facts could apply to his case.

3. In over sixteen (16) years of constantly fighting his case, Applicant has been unable to even get adjudication of claims or simply claims ruled upon by their merits, procedural defaults because of attorneys dropping the ball, and failing to properly investigate, do research or to even advise Applicant of exactly what he had to defend against.

4. Applicant all though he had trial, PCR and Applicant attorney's to stand beside him during pretrial, post-trial and collateral proceedings.

5. Still Applicant didn't find out until (*2013*) the arguments, claims, and facts he now raises before this Honorable Court, because previous attorneys overlooked them, failed to raise them and didn't advise Applicant of the true merits of his case.

6. Boiler plate defenses were made and when Applicant through his own investigation and discovery found out about *McFalls,* procedural challenges blocked the door and placed iron curtains around the constitution, *the evidence will probably change the results if a new trial is had (9) has been discovered since trial, and since (2002) PCR, McFalls could not have been discovered before trial, as it was decided in (2010) applicant was just provided with it ▬▬ recently (4) it is material to his innocence or guilt (5) is more than cumulative or impeaching see affadavits and exhibits*
*X-Y-Z    A-E (see Charles*

7. Applicant has study and learned on his own to come this far.

8. He still doesn't understand the requirements to meet conditions of this Court fully, or to properly represent all the vage blind spots in his case.

9. The Sixth Amendment does guarantee more than just a warm body to stand beside Applicant during critical stages of his case prejudicial representation is cause of any hurdles ~~this~~ Appear court or this court may acknowledge.


    I declare under penalty of perjury this is true. I understand if I'm granted a lawyer and later get financiallable, I must pay. If answer to proceed are false my case can be dismissed.


Date: April 22, , 2013

                                        178039

                                        Robert Graham Jr.
                                        Robert Graham Jr.

THE HONORABLE CONNIE R. BELL

CLERK OF COURT, FLORENCE COUNTY

180 NORTH IRBY STREET

MSC-E FLORENCE, S.C. 29501

FILED

2013 MAY -2 PM 3:11

CONNIE REEL-SHEARIN
CCCP & GS
FLORENCE COUNTY, SC

Robert Graham Jr.,          )
    Applicant,          )
          )
vs.          )
          )
State of South Carolina,     )
_____ Respondent et.al.)

C/A NO.: ~~████████~~

2013-cp-21-1195

AFFIDAVIT

INDICTMENT NO. 97-GS-21-742

SCRCP RULE 29(b) MOTION PURSUANT

TO AFTER DISCOVERED EVIDENCE

MCFALLS V. United States (2010)

(1) I am the Applicant in the above entitled proceeding. I make this affidavit in support of a motion pursuant to SCRCP 29(b) and SCRCP, indictment No.: 97-GS-21-742, to vacate the judgement of conviction herein, upon the ground that <u>17-25-45(H)</u>. (2) I was indicted for second degree burglary non-violent and posted bail in the amount of <u>$10,000</u>. I was tried by Honorable Hicks Harwell on November 7, 1997, sentenced to life without parole. (3) Evidence at trial was not available by prosecutor's own statement for the charge under above indictment and warrants attached for arrest. (4) The ground(s) for relief raised upon this motion has (have) not previously been determined on the merit upon a prior motion or proceeding in a court of this state, or upon an appeal from judgement or upon a prior motion or proceeding in a federal court.

Wherefore, I respectfully request that my conviction be vacated on the ground that as it may deem just and proper [or if applicable]. WHEREFORE, I respectfully request an order of this court pursuant to after discovered evidence incorporated with Rule 29 and 60(b).

Applicant never got his full bite of the apple during 1997 trial, or PCR because after discovered evidence was not known to him at the time.

(5) Applicant just discovered the Rule 29(b) SCRCP, three (3) day's ago.

s/ Robert Graham
Robert Graham Jr.

178037

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
COUNTY OF FLORENCE, S.C. )    TWELFTH JUDICIAL CIRCUIT

FILED

Robert Graham Jr.,           C/A NO.: ~~████~~
2013 MAY -2 PM 3: 11
        Applicant            2013-CP-21-1195
        CONNIE REED SHEARIN
        CCCP & GS
        FLORENCE COUNTY, SC
vs.                     )
                        )    AFFIDAVIT OF SERVICE BY
                        )    MAIL AFTER DISCOVERED EVIDENCE
State of South Carolina, )    PURSUANT TO SCRCP 60(b) SCRCP
        Respondent et. al.)   29(b) AND RULE 35

                             MCFALLS V. United States
                             (2010),

        Please allow this to surface as Applicant's sworn affidavit
causes of actions. Motion for a new trial, summons,
AND complaint, evidentiary hearing
1. I am the Applicant in the above captioned action.
2. Regular communication by mail exists throughout the State of
South Carolina and that this is a proper circumstance of service
by mail, (Perry C.I.) mailroom staff.
3. I have this day served a copy of the Rule 29(b) and 60(c)
motion for a new trial upon above Ruler by depositing same in the
United States mail, postage prepaid. with exhibits A-G, AND X-Y-Z
        To include Exhibit # 27,
c/o: Honorable Clerk Connie R. Bell         Melody Brown
     180 North Irby Street                  P.O. Box 11549
     MSC-E Florence, S.C. 29501             Columbia, S.C. 29211

To: Sol: cr for Edward L. Clement III
180 N Irby St Florence SC
                              msc e
April 22, 2013              29501

                             Robert Graham Jr.
                             (178039)

RECEIVED
APR 29 2013
P.C.I. MAILROOM

FILED    ( 2013 - cp - 11 - 2195 )

UNITED STATES COURT OF APPEALS

2013 MAY -2 PM 3: 11 FOR THE SIXTH CIRCUIT

CONNIE REEL-SHEARIN
    CCCP & GS United States v. McFalls (2005)
FLORENCE COUNTY, SC

COPY
D.GT 4-2-13

Applicant's after-discovered evidence motion for a new trial is based on **Shepard v. United States,** 544 U.S. 13, 26 (2005) because of nothing in applicant's April 9, 1991 guilty plea or November 7, 1997 indictment for prior convictions were for crimes of (violence) under the guidelines, none of the attached exhibits or indictment numbers at trial established that applicant committed any crime of violence for [sentencing] - enhancement purposes, this was not discovered by the applicant, or any of his numerous attorneys during trial, first PCR (2002) or appeals attorney which was highly prejudicial to a fair trial, and ineffective counsel, see, **United States v. McFalls,** No. 08-5839, decided and filed January 28, 2010, the McFalls, ruling was not available to applicant during April 9, 1991 indictment plea, it also wasn't available to applicant during 1997 trial or appellate review which motion for after discovered evidence is based. This error of law deprived applicant of many substantial, and procedural due process of law, statutory, State and United State Constitutional rights to compulsory process, and the totality of the guaranteed due process right under the 14th Amendment to equal protection of the law, thus, catagorically, and substantively applicant is under pursuant to the McFalls ruling, an illgal sentence, and conviction for enhancement purposes. See trial page 86 - Line 4-6) the court, and solicitor was confused as to how to apply the crime of violence as to aggravating circumstances, for a crime of violence, under enhancement purposes, the court and solicitor argued between S.C. Code 17-25-45 (H) and burglary statute section 16-11-311), see trial, pg. 83, line 8-14, solicitor advised the court I have no physical evidence, I have no physical evidence that I know of, the Florence Sheriff Department has none, I inquired about that in parparation. **McFalls** case forbids enhancement like this, applicant's three (3) prior convictions under the McFalls ruling for violating South Carolina Burglary

Statute should have been counted as a [single] sentence under the sentencing guidelines, because the three convictions were sentenced on the same day, and three offenses were not separated by an intervening arrest. Hence, motion for a new trial should be granted, in corporated with fact section of memorandum of law. to include exhibits A-E . this could not have been discovered before trial, is material to applicants guilt and innocence,

Robert Graham Jr. # 178039

P.C.I., Q 1 A - 206

430 Oaklawn Rd.

Pelzer, SC 29669

April 22 2013

Florence, South Carolina

THE HONORABLE CONNIE R. BELL

CLERK OF COURT, FLORENCE COUNTY

180 NORTH IRBY STREET

MSC-E FLORENCE, S.C. 29501

( _2013-CP-11-2195_ )

Robert Graham Jr.,            )    C/A NO.: ~~97-CP-23-742~~

                Applicant,    )

                              )    NOTICE OF MOTION REQUESTING

                              )    ADEQUATE TRANSPORTATION TO

vs.                           )    HEARING AND ORDER OF

                              )    TRANSPORTATION AND PROPOSED

                              )    ORDER AND MOTION FOR

State of South Carolina,      )    EVIDENTIARY HEARING PURSUANT

_____Respondent_____        )    TO SCRCP 60(b) AND SCRCP 29(_b_)

                              _See United States_
                              _McFALLs (2010),_

     Comes now, Robert Graham Jr., #178039, by and through pro-se,
who would move the Court and Respondent thereof, pursuant to
applicable law for a hearing on the merit of his allegations
fully adjudicating his claim in the above demonstrated matter at
the Florence County Courthouse City County Complex, 180 North
Irby Street, Florence, S.C. 29501, order authorized department
having custody and control of Applicant and that transport be
executed fully for hearing on the beneath date.

This ____ day of _____, 2013            IT IS SO ORDERED

                                           s/_____

                                      JUDGE:

THE HONORABLE CONNIE R. BELL
CLERK OF COURT, FLORENCE COUNTY
180 NORTH IREY STREET
MSC-E FLORENCE, S.C. 29501

Robert Graham Jr.,          )
            Applicant,      )      C/A NO.:
                            )      *2013-cp-21-#1195*
                            )
vs.                         )      NOTICE OF MOTION TO VACATE
                            )      INDICTMENT NO. 97-GS-21-742
State of South Carolina,    )      PURSUANT TO SCRCP RULE *29(b)*
_____ Respondent ____   )      *MCFALLS V. united States*
                                        *(2010),*

PLEASE   TAKE   NOTICE   that   upon   the   annexed   affidavit   of
_____ duly sworn to the ____, day of _____, 2013
(and   documents   attached   thereto)   and   upon   the   accusatory
instrument   and   _____   and   all   proceedings   previously
held   herein,   Applicant   will   move   this   court   at   term,   time
_____   thereof,   at   ____   am   or   as   soon   thereafter   as   counsel
may be heard for: An order pursuant to above indictment sentence
was   announced   contrary   to   and   violates   the   United   States
Constitution   or   in   certain   circumstances   other   federal   law.
Vacating   the   judgement   entered   against   above   named   Applicant   on
the   ___   day   of   _____,   2013   _____   on   the   following   grounds.

A._____
B._____


Date:_____
TO: State Attorney of South Carolina          _____

                                               Robert Graham Jr.

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

*My, 0*
*32, 0*

United States v. McFalls (2005) *17-27-90*

*Seeking Austine review 17-27-100*

Applicant's after-discovered evidence motion for a new trial is based on **Shepard v. United States,** 544 U.S. 13, 26 (2005) because of nothing in applicant's April 9, 1991 guilty plea or November 7, 1997 indictment for prior convictions were for crimes of (violence) under the guidelines, none of the attached exhibits or indictment numbers at trial established that applicant committed any crime of violence for [sentencing] - enhancement purposes, this was not discovered by the applicant, or any of his numerous attorneys during trial, first PCR (2002) or appeals attorney which was highly prejudicial to a fair trial, and ineffective counsel, see, **United States v. McFalls,** No. 08-5839, decided and filed January 28, 2010, the McFalls, ruling was not available to applicant during April 9, 1991 indictment plea, it also wasn't available to applicant during 1997 trial or appellate review which motion for after discovered evidence is based. This error of law deprived applicant of many substantial, and procedural due process of law, statutory, State and United State Constitutional rights to compulsory process, and the totality of the guaranteed due process right under the 14th Amendment to equal protection of the law, thus, catagorically, and substantively applicant is under pursuant to the McFalls ruling, an illgal sentence, and conviction for enhancement purposes. See trial page 86 - Line 4-6) the court, and solicitor was confused as to how to apply the crime of violence as to aggravating circumstances, for a crime of violence, under enhancement purposes, the court and solicitor argued between S.C. Code 17-25-45 (H) and burglary statute section 16-11-311), see trial, pg. 83, line 8-14, solicitor advised the court I have no physical evidence, I have no physical evidence that I know of, the Florence Sheriff Department has none, I inquired about that in parparation. McFalls case forbids enhancement like this, applicant's three (3) prior convictions under the McFalls ruling for violating South Carolina Burglary

Statute should have been counted as a [single] sentence under the sentencing guidelines, because the three convictions were sentenced on the same day, and three offenses were not separated by an intervening arrest. Hence, motion for a new trial should be granted, in corporated with fact section of memorandum of law. to include exhibits A-E . this could not have been discovered before trial, is material to applicants guilt and innoncence,

Robert Graham Jr. # 178039

P.C.I., Q l A - 206

430 Oaklawn Rd.

Pelzer, SC 29669

April 22 2013

Florence, South Carolina