IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Graham, Jr., # 178039, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> State of South Carolina; ) <br> Joshua L. Thomas, *12th Judicial Circuit* ) <br> *Court Judge*; ) <br> William H. Seals, Jr., *12th Judicial* ) <br> *Circuit Court Judge*, *Individually and* ) <br> *Official Capacities*; ) <br> Alan Wilson, *Attorney General of* ) <br> *South Carolina*, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:14-3518-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

       The plaintiff is an inmate at Perry Correctional Institution of the South Carolina Department of Corrections.  In the above-captioned case, the plaintiff has brought suit against the State of South Carolina and against William H. Seals, Jr., a South Carolina Circuit Judge.  The plaintiff has also brought suit against Joshua L. Thomas, whom the plaintiff describes as a South Carolina Circuit Judge. The South Carolina Bar Association's *Lawyers Desk Book*, at page 439 (2014–2015 edition), however, indicates, that Joshua L. Thomas is an Assistant Attorney General in the Office of the South Carolina Attorney General.  In his amended complaint (doc. 11), the plaintiff has added the Attorney General of South Carolina as a defendant.

       In the original complaint (doc. 1), the plaintiff alleges that the defendants, in concerted deliberate indifference, have denied him access to the lower court with respect to Case No. 2013-CP-21-1195, which concerns the plaintiff's application for post-conviction

relief, by asserting a statute of limitations defense and opposing his request for a belated appeal pursuant to the holding in *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).  The plaintiff claims that he did not knowingly waive his rights to preserve his claims for appellate review, yet the Attorney General's Office and the Judge of the 12th Judicial Circuit are denying the plaintiff due process by not holding an evidentiary hearing. The plaintiff further alleges that the actions of the defendants are contrary to holdings of the Supreme Court of South Carolina in *Austin* and *Wilson v. State*, 559 S.E.2d 581 (S.C. 2002) and that his contentions are supported by the holding in *Burgess v. State*, 738 S.E.2d 264 (S.C.Ct.App. 2013) (doc. 1 at 2).  The plaintiff states that the defendants have allowed other successive applications to be heard and they have violated his Fourteenth Amendment rights (*id*. at 4-5).  He claims the defendants knew that his counsel in his first PCR case, Amy Wise, failed to raise all claims and that the defendants are seeking to prevent the appointment of counsel in the plaintiff's now-closed post-conviction case.  He states that the defendants are liable to the plaintiff for unlawful distress, anxieties, emotional harassments, denial of meaningful adjudication, and duress in the amount of three million five hundred thousand dollars in compensatory damages, punitive damages, and actual damages (*id*. at 6–7).

In his amended complaint (doc. 11), the plaintiff added Alan Wilson, Attorney General of South Carolina, as a defendant.  The allegations in the amended complaint seem to be more akin to grounds raised in a post-conviction or habeas corpus action.  In the amended complaint, the plaintiff alleges he is entitled to belated review under *Austin v. State* (*id*. at 1).  The plaintiff cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to show that the defendants are acting in violation of state law (*id*.).  The plaintiff further argues that he has been denied access to the state appellate courts under *Odom v. State*, 523 S.E.2d 753, 756 (S.C. 1999) and that many issues were never raised, preserved, or ruled on in the plaintiff's first post-conviction case (*id*.).  He claims he was not served in writing prior to trial,

2

as required by *Johnson v. State*, 552 S.E.2d 339 (S.C. 2001).[1] The plaintiff also states that he never had two or more distinct or intervening prior convictions for enhancement (*id*.). He claims the grand jury never saw the indictment that alleged the erroneous "priors" [prior convictions] that resulted in the plaintiff's conviction and life sentence(*id*.). Finally, the plaintiff argues that each defendant is liable for depriving him of a belated *Austin* appeal and that an evidentiary hearing should be held under *Townsend v. Sain*, 372 U.S. 293 (1963);[2] *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011); and *Jefferson v. Upton*, 560 U.S. 284 (2010) (*id*. at 3-4).

The plaintiff has appended seventy pages of affidavits and exhibits to the amended complaint. Those exhibits include the plaintiff's affidavit relating to his most-recent post-conviction case (doc. 11-1); a copy of the indictment dated June 5, 1997, in the plaintiff's criminal case and a certification by court reporter Frances A. Bakis (doc. 11-2); the plaintiff's objection dated September 25, 2013, to the Conditional Order of Dismissal entered in his post-conviction case, Case No. 2013-CP-21-1195 (doc. 11-3); copies of documents, including a Rule 59 motion, filed in the plaintiff's post-conviction case (doc. 11-4); copies of other pleadings in the plaintiff's post-conviction case (doc. 11-5); a motion for review under *Austin v. State* filed in the plaintiff's post-conviction case on July 25, 2013 (doc. 11-6); a letter dated November 9, 2001, from the Clerk of the Supreme Court of South Carolina apprising the plaintiff that his motion to compel in his first post-conviction case, Case No. 2000-CP-21-810, would not be considered, pursuant to the holding in *State v. Stuckey*, 508 S.E.2d 564 (S.C. 1998), because he was represented by counsel (doc. 11-7);

---

[1]The notice requirement of *Johnson v. State* was overruled by *James v. State*, 641 S.E.2d 899 (S.C. 2007).

[2]*Townsend v. Sain* was overruled by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (cause and prejudice standard, rather than deliberate bypass standard, is correct standard for excusing a habeas petitioner's failure to develop material fact in state court proceedings).

a copy of the first page of the Conditional Order of Dismissal entered in the plaintiff's first post-conviction case (doc. 11-8); a cover letter dated October 14, 2013, from defendant Joshua L. Thomas to South Carolina Department of Corrections General Counsel David M. Tatarsky relating to the Conditional Order of Dismissal entered in the plaintiff's most recent post-conviction case, Case No. 2013-CP-21-1195, and a copy of the Conditional Order of Dismissal filed in Case No. 2013-CP-21-1195 on September 24, 2013 (doc. 11-9); a copy of the plaintiff's application for post-conviction relief, memorandum of law, and the plaintiff's affidavit filed in Case No. 2013-CP-21-1195 (doc. 11-10); and the plaintiff's cover letter for the amended complaint (doc. 11-10).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the amended complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

South Carolina Circuit Judge William H. Seals, Jr., entered the Conditional Order of Dismissal in the plaintiff's now-closed post-conviction case, Case No. 2013-CP-21-1195. He is immune for his judicial actions in Case No. 2013-CP-21-1195. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Attorney General Alan Wilson and Assistant Attorney Joshua L. Thomas have prosecutorial immunity from suit with respect to their actions in the plaintiff's prior post-conviction cases. *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001) (prosecutorial immunity extends to direct appeal, post-conviction case, and habeas corpus case). Moreover, the above-captioned case is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *See Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

This court may take judicial notice of the grant of summary judgment to the respondent in the plaintiff's first habeas-corpus action filed in this court. *See Graham v. McCall*, Civil Action No. 6:10-0376-MBS-KFM, 2010 WL 5824266 (D.S.C. Oct. 18, 2010) (recommending grant of summary judgment to respondent), *adopted by* 2011 WL 649698 (D.S.C. Feb. 11, 2011). It can also be judicially noticed that the United States Court of Appeals for the Fourth Circuit on August 23, 2012, denied the plaintiff's motion for leave to file a successive habeas petition (Fourth Circuit Docket No. 2012-263). *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

October 1, 2014  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).